# Exhibit A

EDWARD K. GAMSON, pro se, and
LOWELL E. CANADAY, pro se
1901 23rd Street, N.W.
Washington, D.C. 20008
(202) 332-7432
gamson@verizon.net

RECEIVED
Civil Clerk's Office
MAR 0 7 2014
Superior Court of the
District of Columbia
Washington, D.C.

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD K. GAMSON and )
LOWELL E. CANADAY, )
                              )
    Plaintiffs,           )    Civil Case No. _____   14 - 0001386
                              )
    v.                        )
                              )
BRITISH AIRWAYS PLC,       )
                              )
    Defendant.          )
_____)

COMPLAINT

Plaintiffs Edward K. Gamson and Lowell Edward Canaday, residents of the District of Columbia, file this Complaint against British Airways plc, and hereby state and allege as follows:

NATURE OF ACTION

1. This is an action for breach of contract and in tort for British Airways' egregious error in booking the European portion of Plaintiffs' September 2013, long-awaited vacation from Washington to Europe and back.

2. Contrary to Plaintiffs' explicit instructions, British Airways' agent erroneously booked Plaintiffs on a flight from London, England, to Grenada, West Indies, instead of from London, England, to Granada, Spain, as Plaintiffs clearly requested.

3. As a result of British Airways' inexcusable blunder, for which they unconscionably refuse to accept responsibility, Plaintiffs' vacation was ruined and

they suffered damages including the value of their first-class tickets to Europe and back, coach class tickets within Europe, non-refundable expenses for their lost vacation in Spain, lost wages, and other associated expenses.

## PARTIES

4. Plaintiffs Edward K. Gamson and Lowell E. Canady are residents of Washington, D.C., residing at 1901 23rd Street, NW, Washington, DC 20008.

5. Defendant British Airways plc is a foreign corporation doing business in Washington, D.C.

## JURISDICTION

6. This Court has jurisdiction over the subject matter of this suit pursuant to section 11-921(a) of the D.C. Code, and has personal jurisdiction over British Airways plc pursuant to section 13-423 of the D.C. Code.

## FACTUAL ALLEGATIONS

7. After two years without a vacation, Plaintiffs eagerly planned their vacation to Europe. A key element of their planned vacation was a trip to Spain, including Granada and Seville.

8. Plaintiffs utilized British Airways to book their trip from Washington Dulles Airport to London, England, and then to Granada, Spain, with a return from Lisbon, Portugal, via London to Washington Dulles.

9. Plaintiffs researched their itinerary before calling British Airways. When Dr. Gamson called British Airways to book flights, he provided the British Airways agent with specific dates and flight options. Dr. Gamson clearly explained that Plaintiffs wished to travel to Granada, Spain.

10. The British Airways agent on his own initiative proposed that Plaintiffs take a flight from Gatwick Airport to Granada, Spain. Dr. Gamson agreed and booked the tickets. The electronic ticket that Plaintiffs received referred to "Grenada", without indicating the country, airport code, or flight duration.

11. Plaintiffs boarded their flight from Gatwick Airport believing they were traveling to Granada, Spain. It was only when airborne that they realized they were instead traveling to Grenada, West Indies.

12. This was not the first time British Airways had made such an egregious blunder. When Plaintiffs arrived in the West Indies, a member of the ground crew, when learning of Plaintiffs' situation, exclaimed that they had the exact same situation the week before. When Plaintiffs arrived in Miami on the way back to London, the British Airways customer service representative said she also was aware of the same situation from the week before. She said further that she and her supervisor both agreed that this horrible ordeal was British Airways' fault and that they would be responsible for making it right. After Plaintiffs returned to Washington, they read a newspaper article about a woman from the United Kingdom who was erroneously booked exactly as they were, and that British Airways was providing her compensation. Plaintiffs also have heard that a woman from Annapolis, Maryland, had the exact same experience. Plaintiffs do not know how many more instances there are of British Airways' same incompetence, booking customers on flights to Grenada, West Indies, instead of to Granada, Spain.

CLAIMS

COUNT I – BREACH OF CONTRACT

13. Plaintiffs incorporate the contents of all previous numbered paragraphs herein.

14. Plaintiffs contracted with British Airways for a trip from Washington to Europe that included a flight from London, England, to Granada, Spain.

15. British Airways breached the parties' contract by booking Plaintiffs on a flight and flying them from London, England, to Grenada, West Indies, instead of to Granada, Spain, and thereby ruined Plaintiffs' vacation.

16. Plaintiffs are entitled to damages for this breach of contract, including the value of their tickets for their ruined vacation trip, non-refundable expenses for their lost vacation in Spain, lost wages, and other associated expenses.

## COUNT II - GROSS NEGLIGENCE

17. Plaintiffs incorporate the contents of all previous numbered paragraphs herein.

18. British Airways was grossly negligent in booking Plaintiffs' flight from London, England, to Grenada, West Indies, instead of to Granada, Spain, and thereby ruined Plaintiffs' vacation.

19. Plaintiffs are entitled to damages resulting from this gross negligence, including the value of their tickets for their ruined vacation trip, non-refundable expenses for their lost vacation in Spain, lost wages, and other associated expenses.

## COUNT III - NEGLIGENCE

20. Plaintiffs incorporate the contents of all previous numbered paragraphs herein.

21. British Airways was negligent in booking Plaintiffs' flight from London, England, to Grenada, West Indies, instead of to Granada, Spain, and thereby ruined Plaintiffs' vacation.

21. Plaintiffs are entitled to damages resulting from this negligence, including the value of their tickets for their ruined vacation trip, non-refundable expenses for their lost vacation in Spain, lost wages, and other associated expenses.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendant British Airways plc in the amount of $34,000, plus court costs, reasonable attorney's fees, interest, and all other relief to which they may be entitled.

Respectfully submitted,

_____
Edward K. Gamson, pro se

_____
Lowell E. Canaday, pro se

1901 23rd Street, N.W.
Washington, D.C. 20008

(202) 332-7432

gamson@verizon.net

March 7, 2014



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

EDWARD K. GAMSON
Vs.
BRITISH AIRWAYS PLC,

C.A. No.   2014 CA 001386 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JEANETTE J CLARK
Date:   March 7, 2014
Initial Conference: 9:30 am, Friday, June 06, 2014
Location:  Courtroom 517
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Edward K. Gamson and Lowell E. Canaday_
Plaintiff

vs.

_British Airways PLC_
Defendant

Case Number 14-0001386

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Edward K. Gamson, pro se_
Name of Plaintiff's Attorney

_1901 23rd Street, N.W._
Address
_Washington, D.C. 20008_

_202-332-7432_
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date 3/27/2014

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                                                 CASUM.doc