EDWARD K. GAMSON, pro se, and
LOWELL E. CANADAY, pro se
1901 23rd Street, N.W.
Washington, D.C. 20008
(202) 332-7432
gamson@verizon.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD K. GAMSON, et. al )
)
      Plaintiffs, )
)
v. )   Civil Action No.: 14-527 (JEB)
)
BRITISH AIRWAYS, PLC )
)
      Defendant )

**PLAINTIFFS' (1) OPPOSITION TO DEFENDANT'S NOTICE OF REMOVAL; (2) REQUEST FOR REMAND TO THE D.C. SUPERIOR COURT ; AND (3) REQUEST FOR PUNITIVE DAMAGES FOR DEFENDANT'S ABUSE OF THE JUDICIAL PROCESS**

As pro se litigants/Plaintiffs in this lawsuit, this pleading will be as short and concise - but to the point - as is possible.

1. Contrary to Defendant's allegation in Paragraph 3 of its Notice of Removal, this case neither involves a federal question nor does it arise under or in any other way involve the 1999 Montreal Convention (cited with its full name by Defendant). This is so for the following reasons:

(a) While Defendant is correct that the ticketed transportation involved in this case may properly be characterized as "international carriage" under Article 1(2) of the Convention, Defendant is incorrect in suggesting to this court that every single case involving "international

**RECEIVED**

APR 18 2014

Clerk, U.S. District and

carriage" necessarily or ipso facto raises federal questions or falls under or within the Montreal Convention.

(b) In the instant case, Defendant's actionable conduct did not involve any portion of the "international carriage". Rather, it involved activities that occurred long before the process of embarkation, indeed, long before the aircraft ever even reached the airport from which it was scheduled to take off on its international carriage. In fact, the actionable conduct occurred when Defendant's agent, wherever his location may have been on the ground, booked the transportation and, in a grossly incorrect manner, sent the Plaintiffs not to Granada, Spain, as Plaintiffs had requested, but rather to Grenada, West Indies. (If Plaintiffs had requested booking to the West Indies, which they did not, then Defendant's agent ridiculously booked Plaintiffs to travel not directly from the United States to the West Indies but rather to do so via London, and thus forced them to pay a much higher fare to Defendant Airline than would otherwise have paid for a direct flight to the West Indies). As indicated above, this egregious error very clearly did not occur during the course of any "international carriage by aircraft", but rather at the time of ticketing; and the time of ticketing is not a matter subject to, or otherwise covered by, the Montreal Convention.

(c) Nor does this case involve the critical pre-condition that would appear to be essential for application of the Montreal Convention, namely, that under Article 17 of the Convention, "the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking". Not only is it highly doubtful whether the framers of the Montreal Convention ever conceivably contemplated that circumstances like those here would constitute an "accident", but there can be absolutely no question about the fact that

even if it might arguendo ever be deemed to be an "accident", it is surely not one that "took place on board the aircraft or in the course of any of the operations of embarking or disembarking".

2. Indeed, viewing Article 17 as the exclusive basis for liability and payment of damages under the Convention, it becomes very obvious that, because the Defendant here is so expertly familiar with the Convention, it is in fact now seeking removal and federal jurisdiction only so that, once in federal court under and because of the Montreal Convention, Defendant can and will then move promptly to dismiss Plaintiffs' action in its entirety because, so Defendant will argue, what occurred in this case was not an "accident" under Article 17 and therefore is not compensable.  There can be no other reason for Defendant's conspicuous failure to argue, or even mention, to this Court the precise terms of Article 17.

3. Under these circumstances, it becomes equally clear that Defendant's effort to remove this case under the pretext that it involves the Montreal Convention and, hence, arises under federal law is an all too poignant example of an experienced and knowledgeable airline's gross abuse of the judicial process.  Defendant, British Airways, is seeking removal and federal jurisdiction in this instance not because it believes that this is a Montreal Convention case, but only in order to seek dismissal of the case on grounds that it is not a case falling or otherwise compensable under the Montreal Convention.

4. Plaintiffs wish to point out, moreover, that if Defendant were handling this case in good faith and in a professionally proper manner, it would have long since offered to Plaintiffs a reasonable settlement rather than raising such intricate and complex legal issues – now seeking to involve even the federal judiciary – and thus attempting to make certain that

this case will be too difficult, expensive, and time consuming for pro-se plaintiffs to handle, and the case will, therefore, disappear or be resolved ultimately in Defendant's favor.

5. For all the foregoing reasons, therefore, Plaintiffs respectfully request:

(1) that this case not be allowed to be removed;

(2) that it be remanded to the D. C. Superior Court where it was originally filed; and

(3) that Plaintiffs be awarded the sum of $25,000 as a penalty against Defendant for its having abused the judicial process as clearly and as obviously as it has done in this case.

Respectfully submitted,

_____
Edward K. Gamson
1901 23rd Street, NW
Washington, DC 20008
Plaintiff

_____
Lowell E. Canaday
1901 23rd Street, NW
Washington, DC  20008
Plaintiff *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this __18_ day of April, 2014, a true copy of the foregoing PLAINTIFFS' (1) OPPOSITION TO DEFENDANT'S NOTICE OF REMOVAL; (2) REQUEST FOR REMAND TO THE D.C. SUPERIOR COURT ; AND (3) REQUEST FOR PUNITIVE DAMAGES FOR DEFENDANT'S ABUSE OF THE JUDICIAL PROCESS was served by first class mail, postage prepaid, on Counsel for Defendants.

    Kenneth S. Nankin
    Nankin & Verma PLLC
    4550 Montgomery Avenue, Suite 775N
    Bethesda, MD 20814

    */s/ Edward K. Gamson*
    Edward K. Gamson
    1901 23rd Street, NW
    Washington, DC 20008
    Plaintiff *Pro Se*