UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD K. GAMSON and <br> LOWELL E. CANADAY <br><br> Plaintiffs, <br><br> v. <br><br> BRITISH AIRWAYS PLC <br><br> Defendant. | Civil Action No. 14-527 (JEB) |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant British Airways Plc ("British Airways"), by counsel, hereby files its Reply Memorandum in support of its Motion to Dismiss (Dkt. No. 4).

**I.       Preliminary Statement**

As discussed in British Airways's Statement of Points and Authorities, Plaintiffs assert two claims in their Complaint: that British Airways (i) issued their tickets incorrectly, and (ii) transported them to an incorrect location. In their Opposition (Dkt. No. 9), Plaintiffs do not address British Airways's argument that the Montreal Convention[1] exclusively governs and preempts their claim that British Airways transported them to an incorrect location. Plaintiffs assert (Opposition at p. 1) that they addressed British Airways's Montreal Convention preemption arguments in their "previous pleading," but, in that filing (Dkt. No. 7), Plaintiffs argue only that the Convention does not preempt their *incorrect ticketing* claim;

---

[1]  The Montreal Convention is formally known as the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on May 28, 1999, ICAO Doc. No. 9740 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734.

British Airways has never contended that the Convention preempts Plaintiffs' incorrect ticketing claim. Thus, the Court may deem British Airways's argument that the Convention preempts Plaintiffs' *incorrect transportation* claim to be conceded. *See Potter v. Toei Animation Inc.*, 839 F. Supp.2d 49, 53 (D.D.C. 2012) ("In the District of Columbia Circuit, it is established that an argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded.") (citations omitted), *aff'd*, 2012 WL 3055990 (D.C. Cir. 2012), *cert. denied*, 133 S.Ct. 936 (2013).

In their Opposition, Plaintiffs do address British Airways's contention that their incorrect ticketing claim is preempted by 49 U.S.C. § 41713(b)(1), the express preemption provision of the Airline Deregulation Act ("ADA"). They primarily do so by seeking to add to their Complaint, without moving for leave to do so, a cause of action for reformation of the subject contracts of carriage. However, even if the contracts were reformed as requested by Plaintiffs, as a matter of law they could not recover for breach of the reformed contracts.

II.   **Amendment of the Complaint by the Addition of a Reformation Cause of Action Should Be Denied as Futile**

Plaintiffs attempt to avoid the ADA's preemption of their incorrect ticketing claim by asserting that they seek reformation of the contracts of carriage in order "to give effect to the parties' original intent" and "damages stemming from the breach of that contract" (Opposition at p. 3), *i.e.*, damages based on the breach of the contracts as reformed by the Court. Setting aside the significant impediments that Plaintiffs did not plead a reformation cause of action in their Complaint and have not moved for leave to add such cause of action, as well as courts' reluctance to reform contracts that, like the contracts here, have already

2

been performed,[2] Plaintiffs' attempt to avoid the preemption of their incorrect ticketing claim would be unavailing.  If the Court were to reform the contracts as requested, Plaintiffs' claim that British Airways breached the reformed contracts would be preempted by the Montreal Convention.

If the Court were to reform the contracts consistent with Plaintiffs' wishes, the stopping place of Grenada, West Indies, in the contracts would be replaced with the stopping place of Granada, Spain, retroactive to the moment that the tickets were issued by British Airways.  *See* 76 C.J.S. *Reformation of Instruments* § 101 ("[O]n the reformation of an instrument the general rule is that it relates back to, and takes effect from the time of, its original execution.") (citations omitted); *Emerson Institute v. U.S.*, 356 F.2d 824, 827 (D.C. Cir. 1966) (same), *cert. denied*, 385 U.S. 822 (1966).  Plaintiffs would then attempt to advance the claim that British Airways breached the reformed contracts by its act of transporting them to Grenada, West Indies, an incorrect location under the reformed contracts, rather than to Granada, Spain, the correct location under the reformed contracts.  However, as discussed in British Airways's Statement of Points and Authorities (*see* pp. 4-7), any claim by Plaintiffs that British Airways transported them to an incorrect location would arise under the Montreal Convention, which would preempt such claim and provide the exclusive basis for seeking a remedy for such claim.  Because a claim by Plaintiffs that British Airways transported them to an incorrect location would not be legally cognizable under the Montreal Convention (*see* Statement of Points and Authorities at pp. 7-8), they could not recover at all under the reformed contracts.

---

[2]  *See* 76 C.J.S. *Reformation of Instruments* § 6 ("The courts, however, are generally reluctant to reform contracts that have been performed.") (citation omitted).

Accordingly, the Court should refuse to allow Plaintiffs to amend their Complaint, either through a motion or their Opposition, by adding a reformation cause of action because any such cause of action would be futile. *See Trowell v. South Financial Group, Inc.*, 315 Fed. Appx. 163, 166, 2008 WL 4787142 at *2 (11th Cir. 2008) (affirming denial of leave to amend complaint by adding reformation cause of action because "proposed amendment was futile"); *S.K. Innovation, Inc. v. Finpol*, 854 F. Supp.2d 99, 106 (D.D.C. 2012) ("It is clear, however, that amendment should not be permitted if it would be futile. In other words, if the proposed amendment would still render the complaint deficient, courts need not grant leave.") (citations omitted).

### III.     The ADA Preempts Plaintiffs' Tort Causes of Action

Plaintiffs concede that their incorrect ticketing tort causes of action relate to the ticketing "service" provided by British Airways but argue that the causes of action escape preemption by the ADA because they affect such service too tenuously. Plaintiffs are incorrect.

Plaintiffs cite *Peterson v. Continental Airlines, Inc.*, 970 F. Supp. 246 (S.D.N.Y. 1997), in support of their contention that their incorrect ticketing tort claims do not "directly affect British Airways' service or ticketing function in any meaningful or material way" (Opposition at p. 7). In *Peterson*, the plaintiff alleged that the airline had committed various intentional torts through its flight crew's conduct in having the plaintiff removed from the aircraft by the police, without any explanation, during a seating conflict that had arisen during boarding. *Id*. at 247-48. The court held that the second and third prongs of the

4

*Rombom*[3] test had not been satisfied, and ADA preemption was "not warranted," because the airline had "abused its authority to provide a given service" by acting "in an abusive, unprofessional and malicious manner" and out of "spite and malice" toward the plaintiff. *Id.* at 250-51.

Here, the Complaint does not contain even the slightest whiff of an allegation that British Airways "abused its authority" or acted unreasonably in any way in the course of issuing Plaintiffs' tickets. Plaintiffs do assert that British Airways made an "egregious" mistake and acted with "incompetence" (Complaint at p. 3, ¶ 12 (Dkt. No. 1-1) in issuing their tickets, but these are merely factually unsupported labels. Thus, *Peterson* provides no support for Plaintiffs' argument.

If the Court is inclined to apply the *Rombom* test, then British Airways submits that *Galbut v. American Airlines, Inc.*, 27 F. Supp.2d 146 (E.D.N.Y. 1997), is an analogous and useful precedent. In that case, the plaintiff alleged that the airline had engaged in various forms of tortious conduct by refusing to provide the plaintiff with an upgrade to first class using certain "upgrade stickers" in his possession, wrongfully accusing him of having stolen the stickers, requiring payment for an upgrade to first class, permitting him to purchase upgrade stickers, confronting him on the aircraft about the stickers and then detaining him after the flight due "because he was carrying fraudulent upgrade stickers." *Id.* at 147-49.

The court in *Galbut* held that the plaintiffs' tort claims were preempted under the *Rombom* test. The court held that the second prong of the test was satisfied because "the claim affects airline service directly, rather than tenuously, in that it relates specifically to

---

[3] *Rombom v. United Air Lines, Inc.*, 867 F. Supp. 214 (S.D.N.Y. 1994). It does not appear that this Court has addressed the *Rombom* test.

5

defendant's upgrade policies and the manner in which defendant's employees carry out those policies when they believe that a passenger is not properly ticketed." 27 F. Supp.2d at 152. The court held that the third prong of the test was satisfied because the "underlying, allegedly tortious conduct furthered the provision of service in a reasonable manner" and "none of the behavior alleged is sufficiently offensive to be characterized as unreasonable." *Id.* at. 152-53.[4]

The second and third prongs of the *Rombom* test are similarly satisfied here. As to the second prong, Plaintiffs' incorrect ticketing tort claims affect British Airways's ticketing service "directly, rather than tenuously" because they relate specifically to the manner in which British Airways's representative carried out the airline's ticketing functions. Contrary to Plaintiffs' contention, allowing litigants to challenge British Airways's ticketing functions using the various tort principles of the 50 states would have anything but an "incidental effect" (Opposition at p. 7) on its ticketing functions.[5] In addition, contrary to another contention by Plaintiffs, a passenger's tort claim regarding an airline's ticketing service directly relates to that service even where the airline "botches its customers' travel plans" (Opposition at p. 7). A plaintiff's tort claim related to an airline service does not escape

---

[4] *See also id.* at 154 ("In sum, Congress sought to discourage states from enacting numerous and conflicting regulations that deal with airline prices, routes and services. Permitting state tort remedies in this action would be at odds with Congress' goal of encouraging the free market competition of air carriers with respect to the ticketing, pricing, and upgrading services they provide. Those claims are, therefore, preempted, and defendant American Airlines's motion for summary judgment on the tort claims is granted.").

[5] *See Smith v. Comair, Inc.*, 134 F.3d 254, 258-59 (4th Cir. 1998) ("Finally, Smith's contract claim must be held to be preempted under the ADA because of its practical effect on federal law in this area. If passengers could challenge airlines' boarding procedures under general contract

ADA preemption just because it alleges poor service by the airline.  *See Cannava v. USAir, Inc.*, No. 91-30003, 1993 WL 565341 at *6 (D. Mass. Jan. 7, 1993) ("Plaintiff's claim of intentional infliction of emotional distress alleges, among other things, that the defendant ignored his requests for assistance, tore up his airline tickets, and told him that he purchased first class tickets when in fact they were for coach.  These actions constitute 'services'—poor services, to be sure—performed while attempting to process plaintiff's ticket.  They fall within the species of behavior as to which, court have consistently found, lawsuits are preempted.").

Finally, the third *Rombom* prong is satisfied because, as noted above, Plaintiffs have failed to allege any abusive, offensive or unreasonable conduct by British Airways in the course of providing its ticketing functions.

Whether or not the Court applies the *Rombom* test, Plaintiffs' claim, as expressed in their breach of contract, gross negligence and negligence causes of action, that British Airways was negligent in issuing their tickets, is preempted by the ADA because it constitutes a direct attempt by Plaintiffs to enforce District of Columbia common law external to the parties' contracts with respect to the ticketing service that British Airways provided to Plaintiffs.

---

claims alleging failure to transport, we would allow the fifty states to regulate an area of unique federal concern—airlines' boarding practices.") (citation omitted).

## IV. <u>Conclusion</u>

For the foregoing reasons, and for those set forth in its Statement of Points and Authorities, Defendant British Airways Plc requests that the Court dismiss Plaintiffs' Complaint, in its entirety, with prejudice.[6]

                    Respectfully submitted,

Dated: May 12, 2014                 /s/ Kenneth S. Nankin
                                                Kenneth S. Nankin (DC Bar No. 420058)
                                                Nankin & Verma PLLC
                                                4550 Montgomery Avenue, Suite 775N
                                                Bethesda, Maryland  20814
                                                (202) 463-4911
                                                (202) 463-6177 fax
                                                ksn@nankin.com

                                                Counsel for Defendant British Airways Plc

---

[6] In their Opposition, Plaintiffs make "renewed requests" that the Court remand this action to the Superior Court of the District of Columbia and award them punitive damages.  British Airways incorporates herein its prior arguments (*see* Dkt. No. 10) in opposition to these requests.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2014, I served the foregoing DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS and the accompanying NOTICE OF ELECTRONIC FILING by delivering true and correct copies thereof by first class U.S. mail, postage prepaid, to:

> Edward K. Gamson
> 1901 23rd Street, NW
> Washington, DC  20008
> Plaintiff *Pro Se*
>
> Lowell E. Canaday
> 1901 23rd Street, NW
> Washington, DC  20008
> Plaintiff *Pro Se*

> /s/ Kenneth S. Nankin
> Kenneth S. Nankin (DC Bar No. 420058)
> Nankin & Verma PLLC
> 4550 Montgomery Avenue, Suite 775N
> Bethesda, Maryland  20814
> (202) 463-4911
> (202) 463-6177 fax
> ksn@nankin.com
>
> Counsel for Defendant British Airways Plc