UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD K. GAMSON, et. al | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No.: 14-527 (JEB) |
| BRITISH AIRWAYS, PLC | ) |
| Defendant | ) |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF REMAND**

Defendant, British Airways, has filed a 14-page pleading which, if it does nothing else, confirms Plaintiffs' earlier stated argument that British Airways has removed this case in total bad faith. Defendant has blatantly mischaracterized Plaintiffs' claims for the purpose of removing their lawsuit to this Court under the Montreal Convention (and then arguing in its motion to dismiss that the Montreal Convention does not apply).

This case does <u>not</u> involve a federal question or involve the 1999 Montreal Convention, because, as Plaintiffs' Complaint makes clear, the basis of this lawsuit is the egregious conduct of British Airways' booking agent long <u>before</u> any international transportation actually occurred. On its face, this lawsuit clearly relates to Defendant's agent's conduct in booking Plaintiff's flights. Plaintiffs do <u>not</u> claim that Defendant kidnapped them and flew them to the West Indies. Rather, Defendant egregiously breached the parties' contract and committed gross negligence by issuing a ticket to "Grenada" instead of "Granada," long before the travel that ensued.

The cases that Defendant refers to in its Opposition confirm that the Montreal Convention only applies to (and only preempts) claims that relate to the international transportation itself, or the embarking or disembarking process – and have nothing to do with Plaintiffs' claims here. The Supreme Court case referenced by Plaintiffs (<u>Tseng</u>) involved a personal injury claim during international travel. The <u>Sobol</u> and <u>Knowlton</u> cases likewise

involved claims for damages incurred during travel. And, totally contrary to Defendant's argument, the <u>Kalantar</u> case issued by this Court actually addressed (without regard to any preemption by the Montreal Convention) the plaintiff's federal and state claims based on his treatment by security officials at the airport before his international travel.

Plaintiffs remain willing to discuss a resolution of this horrible ordeal. Unfortunately, British Airways' decision to fight this lawsuit is consistent with its unwillingness to accept responsibility for its agent's gross blunder, which has caused Plaintiffs substantial economic harm. Faced with pro se Plaintiffs who want to keep their losses in this instance to some understandable minimum, Defendant obviously figures that it can either wear Plaintiffs down or, alternatively, force them to hire the kind of very expensive lawyers who are knowledgeable in this area of law and who would, therefore, know how best to foil and defeat Defendant's unfair scheme. That is why, in addition to seeking remand, Plaintiffs seek punitive damages.

                                          Respectfully submitted,

                                          _____
                                          Edward K. Gamson
                                          1901 23rd Street, NW
                                          Washington, DC 20008
                                          Plaintiff

                                          _____
                                          Lowell E. Canaday
                                          1901 23rd Street, NW
                                          Washington, DC  20008
                                          Plaintiff *Pro Se*

May _16_, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this ___ day of May, 2014, a true copy of the foregoing PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF REMAND was served by first class mail, postage prepaid, on Counsel for Defendants.

Kenneth S. Nankin
Nankin & Verma PLLC
4550 Montgomery Avenue, Suite 775N
Bethesda, MD 20814

Edward K. Gamson
1901 23rd Street, NW
Washington, DC 20008
Plaintiff *Pro Se*